UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 26-60692-CIV-DIMITROULEAS/HUNT

TAYLOR BURNS,

Plaintiff,

vs.

SMOKE N MUNCHEEZ PLANTATION LLC,
a Florida corporation,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Plaintiff's Motion for Attorney's Fees, ECF No. 18, and Bill of Costs, ECF No. 19. The Honorable William P. Dimitrouleas referred the Motions to the undersigned for a report and recommendation. ECF No. 20; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Upon thorough review of the record and the Motions, the applicable law, and the entire record, the undersigned hereby RECOMMENDS Plaintiff's Motion for Attorney's Fees be GRANTED and Plaintiff's Bill of Costs be GRANTED IN PART AND DENIED IN PART as set forth below.

**BACKGROUND**

On March 10, 2026, Plaintiff filed suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid minimum wage and overtime, gap wages, and liquidated damages. ECF No. 1. This Court entered a default final judgment against Defendant on May 12, 2026. ECF No. 16. Plaintiff now seeks an award of reasonable

attorney's fees and costs. Defendant did not respond, and the Motions are now ripe for determination.

**ANALYSIS**

As an initial matter, it is undisputed that Plaintiff is entitled to reasonable attorney's fees and costs. It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the instant case, Plaintiff is the prevailing party under the FLSA statute by virtue of the default judgment, and is entitled to recover reasonable attorney's fees.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. House. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by

the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotations omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A. <u>Attorney's Fees</u>

1. <u>Reasonable Hourly Rate</u>

Plaintiff seeks attorney's fees based upon professional services rendered. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Meyrowitz v. Brendel*, 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations and citations omitted). Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011), *subsequently aff'd*, 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered the attorney's filings and the twelve factors. Because of her practice, reputation, and legal experience, counsel requests the following:

- Teri Guttman Valdes, counsel in this case with over 30 years of experience, asks for $450 per hour for 12 hours of work.

ECF. No. 18 at 2.

Given the undersigned's knowledge of prevailing rates in this district and the attorney's experience, the undersigned finds the requested hourly rate reasonable.

2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable

to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiff's counsel here seeks compensation for 12 hours of legal work. Again, given the undersigned's experience and knowledge of such cases, as well as an examination of the work done in the case, the undersigned finds that the number of hours requested is reasonable.

3. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).

The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

In this case, the undersigned finds no reason to depart from the lodestar, calculation. Therefore, Plaintiff should be awarded $5,400 ($450 x 12) in attorney's fees.

B. Costs

Plaintiff also requests this Court award $490 in costs. Rule 54(d) of the Federal Rules of Civil Procedure states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Under 28 U.S.C. § 1920, the Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The burden is initially on the prevailing party to "submit[] a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). But in challenging those costs, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). A court "must have and state a sound basis"

for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

Plaintiff requests the following: $405.00 in filing fees and $85 in service fees. The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). An exception arises when a Plaintiff uses a private process server. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." It appears that the amount requested is slightly higher for service than it would be for service by a U.S. Marshal, and therefore only $65 of that cost is recoverable. Plaintiffs should therefore be awarded costs of only $470.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Verified Motion for Attorney's Fees, ECF No. 18, be GRANTED. Plaintiff shall be awarded $5,400 in Attorney's fees. Plaintiff's Bill of Costs should be GRANTED IN PART and DENIED IN PART. Plaintiff should be awarded costs in the amount of $470. The Motion should be otherwise DENIED. The total award amount should therefore be $5,870.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 15th day of October 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record